**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

June 28, 2007

Walter Andrew Lesnevich
Lesnevich & Marzano-Lesnevich, Esqs.
Court Plaza South
21 Main Street, West Wing
Suite 250
Hackensack, NJ 07601

    (*Attorney for Petitioner*)

Patricia E. Apy
Paras, Apy & Reiss, P.C.
The Galleria
2 Bridge Ave.
Red Bank, NJ 07701

    (*Attorney for Respondent)*

    RE:    Tagidou v. Apostolides
            Civ. No. 05-1136 (WJM)

Dear Counsel:

    This matter comes before the Court on an application by Petitioner Anastasia Tagidou, seeking to compel the return of her two sons to Greece pursuant to the Convention of the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. 11603(b).  Respondent Ioannis Apostolides moves for dismissal of the petition for failure to state a claim.  For the reasons discussed below, the motion to dismiss will be **DENIED**.

**Background and Procedural History**

This matter has a complex factual and procedural history. For purposes of this letter opinion, an abbreviated summary of the relevant facts will suffice.

Petitioner and Respondent were married on May 12, 1991, and have three children together — Antonios, age 15; Stavroula, age 13; and Petros, age 6. (Am. Pet. at 2-3, ¶¶ 2, 4; Resp. ¶¶ 16, 18.) Petitioner and Respondent lived in New Jersey until 1995, when they relocated from the United States to Greece.[1] (Am. Pet. at 3-4, ¶ 1; Resp. ¶¶ 25-27.) In July 2003, Respondent returned to the United States with the two boys, Antonios and Petros. (Am. Pet. at 3-4, ¶ 1; Resp. ¶ 27.) Stavroula remained in Greece with Petitioner. (Am. Pet. at 3-4, ¶ 1; Resp. ¶¶ 27-28.)

On February 25, 2005, Anastasia Tagidou filed a petition in this Court arguing that Respondent had removed the two boys from Greece without her permission, and demanded the children's immediate return pursuant to the Hague Convention and ICARA. In his answer, dated April 14, 2005, Respondent argued that Petitioner's complaint lacked legal merit and "applied" for an order dismissing the petition. Respondent subsequently filed a notice of motion, again urging dismissal, on March 21, 2006. With the Court's permission, Petitioner filed an amended petition on June 22, 2006. Respondent renewed his motion to dismiss on August 4, 2006.[2]

**The Legal Framework of the Hague Convention**

The object of the Hague Convention is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." Hague Convention, preamble. Both the United States and Greece are signatory nations. The Convention's procedures are designed to restore parties to the *status quo* prior to any wrongful removal or retention, and to deter parents from engaging in international forum shopping in custody cases. *Baxter v. Baxter*, 423 F.3d 363, 367 (3d Cir. 2005).

Under Article 3 of the Hague Convention, the removal or retention of a child is "wrongful" where:

a. it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or

---

[1] The parties dispute whether, in relocating to Greece, their intentions were to resettle in Greece permanently or merely to visit temporarily.

[2] Although only the March 21, 2006 filing was docketed as a motion, this opinion addresses and resolves all three of Respondent's applications.

        retention; and

    b.    at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Hague Convention, art. 3.  To obtain an order for the child's return, a petitioner bears the burden of proving by a preponderance of the evidence that the removal or retention was wrongful under Article 3.  42 U.S.C. § 11603(e)(1)(A).  Claims of wrongful removal or retention under Article 3 typically raise four issues for analysis: (1) when the removal or retention at issue occurred; (2) the country in which the child was habitually resident prior to the removal or retention; (3) whether the removal or retention breached the custody rights of the petitioner; and (4) whether the petitioner was exercising those custody rights at the time of the removal or retention.  *Baxter*, 423 F.3d at 368.

## Discussion

       As an initial matter, it is clear to the Court that the allegations in the Amended Petition are sufficient to state a claim of wrongful removal or retention under the Hague Convention.  Petitioner alleges that the children were habitually resident in Greece immediately before their removal by Respondent, and that Petitioner had custody, and was exercising custody, over the children at the time of their removal.  (Am. Pet. at 3, ¶¶ 5-6, 9.)  Petitioner further alleges that after Respondent's departure for the United States in July 2003, the parties initially disagreed over whether the entire family should move to the United States.  (*Id.* ¶ 1.)  Petitioner contends that Respondent's removal of the children became unlawful in or around May 2004, and that his wrongful retention of the children continues.  (*Id.* at 3-4, ¶ 1.)

       Respondent contests Petitioner's allegations, and contends that the United States was always the children's state of habitual residence (Resp. ¶ 24), and that the move to Greece was always intended to be temporary (*id.* ¶¶ 25-26).  Respondent further alleges that his return to the United States in July 2003 was part of a planned move of the parties, and that there was no disagreement regarding the parties' plans until Petitioner unilaterally determined to remain in Greece with the parties' daughter.  (*Id.* ¶ 27.)

       The Court is therefore faced with two conflicting versions of the essential facts required to determine whether or not the children have been wrongfully removed or retained in violation of the Hague Convention.  To reach the conclusions urged by Respondent would require the court to make findings — such as the date of retention and the habitual residence of the children — that are inherently fact-intensive.  *Karkkainen v. Kovalchuk*, 445 F.3d 280, 290-91 (3d Cir. 2006).  This Court cannot resolve such issues on a motion to dismiss.

## **Conclusion**

For the foregoing reasons, Respondent's motion to dismiss the petition is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

s/William J. Martini<br>
**William J. Martini, U.S.D.J.**